## 23810. DRIVER v. PARTRIDGE.

DECIDED SEPTEMBER 20, 1934.

*Walter Matthews,* for plaintiff in error. *Price Edwards,* contra.

STEPHENS, J.  This case came to this court on exceptions to a judgment of the superior court, overruling a certiorari, by which it was sought to review a verdict for the plaintiff by a jury in a justice's court.  There are no pleadings except the plaintiff's affidavit for attachment, in which it is averred that the defendant is indebted to the plaintiff in the sum of $40, and a written plea by the defendant, denying any indebtedness and averring that the contract sued on had been rescinded by a new contract between the parties, with which the defendant had complied.  It is, however, deducible from the record, as verified by the magistrate's answer and the briefs of counsel, that the plaintiff claimed damages for a breach by the defendant of a contract by which the defendant as landlord was to furnish to the plaintiff as a tenant or cropper two mules with which to make a crop, and that the defendant furnished but one mule.  The testimony of the plaintiff and a supporting witness, as set out by the defendant in the petition for certiorari, is not verified by the magistrate, but is completely eliminated by his answer.  All the testimony attributed by the magistrate in his answer to these two witnesses as having been rendered upon the trial was that the agent for the defendant gave to the plaintiff permission to sell the crop and put the money in the bank, which he did.  The testimony of other witnesses, including that of the defendant's agent who negotiated matters and dealt with the plaintiff, as set out in the defendant's petition for certiorari, is adopted by the magistrate in his answer.  From the evidence as verified by the magistrate's answer, it appears without contradiction that, after a

contract had been made by which the defendant was to furnish to the plaintiff two mules and the plaintiff was to furnish his own supplies to make a crop, this contract was modified and rescinded by a contract by which the defendant was to furnish only one mule and the supplies, and that the plaintiff continued to work under this modified contract and made the crop with only one mule furnished by the defendant, and accepted supplies furnished by the defendant.

It is contended in the brief of counsel for the defendant in error, who was the plaintiff in the trial court, that, in a letter to the plaintiff from the defendant's agent, which was introduced in evidence, there was an admission which authorized an inference that the contract sued on had not been rescinded as contended by the defendant. Neither a copy of this letter, nor its contents, appears anywhere in the record. It appears from the testimony of the plaintiff, as recited in the petition for certiorari, but which is not verified by the magistrate's answer, that he received from the defendant's agent a letter of a certain date, the contents of which do not appear. While there is a statement in the petition for certiorari that there was introduced in evidence "the letter identified by the plaintiff," there is, in view of the magistrate's answer, which eliminates all the testimony of the plaintiff as it appears in the petition, necessarily including the testimony that he had received a letter from the defendant's agent, no verification of the introduction in evidence of any letter from the defendant's agent to the plaintiff. It therefore appears conclusively and as a matter of law that the contract was modified and rescinded as contended by the defendant and there has been no breach by him of the contract sued on.

The verdict for the plaintiff was unauthorized, and the court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*